## MEBANE COTTON BREEDING ASS'N v. SIDES.   (No. 2270.)

(Court of Civil Appeals of Texas.   Amarillo. Feb. 20, 1924.)

Courts ⊗⟶170 —County court has no jurisdiction of suit for specific performance of contract.

The county court, under Const. art. 5, § 16, has no jurisdiction of a suit for specific performance of a contract, though the damages alleged for its breach, if permitted, are within the amount of which that court has jurisdiction.

Appeal from Lubbock County Court; P. F. Brown, Judge.

Action by the Mebane Cotton Breeding Association against J. B. Sides. Judgment for defendant, and plaintiff appeals. On ground that lower court was without jurisdiction, and therefore appellate court had none, case was reversed and remanded, with directions to dismiss unless plaintiff by amendment should obviate the objection to jurisdiction.

See, also, 257 S. W. 302.

Spencer & Randal, of Lubbock, for appellant.

Bean & Klett, of Lubbock, for appellee.

PER CURIAM. The appellant association sued the appellee, alleging the execution of a written contract between them on the 22d day of January, 1923, which bound the association to deliver to the defendant Sides 45 bushels of pedigreed Mebane cotton seed at the price of $2.75 per bushel; that the defendant Sides agreed to gin the cotton which might be raised from the seed at a gin to be selected by the plaintiff association, and to deliver said seed to the plaintiff, for which plaintiff was to pay the reasonable market value and the further sum of $15 per ton bonus over and above said market value; that the defendant should pay the ginning expenses. Plaintiff alleges that it complied in all things with its contract; that the Farmers' Gin Company at Lubbock, Tex., was selected to gin the cotton; that the defendant accepted the seed and raised some 20 bales of cotton therefrom; that he ginned two of the bales at the Farmers' Gin and has failed and refused to gin any more of said cotton at said gin, and refused to deliver any of the seed from said cotton to plaintiff except the seed from the two bales mentioned; that if defendant is allowed to take the said seed and dispose of them freely, he will deprive the plaintiff of the remuneration for its labors in perfecting said seed from year to year; that plaintiff will be prevented from supplying such seed to its customers, and defendant will be enabled to compete in the market with plaintiff in the sale of pure Mebane cotton seed; that it became necessary to select a gin which would exercise care to that end, and to permit the defendant to refuse to gin his cotton at such gin and refuse to deliver the said seed would be unfair and inequitable and result in unascertainable and irreparable loss to plaintiff; that the plaintiff has no adequate remedy at law, and if defendant is permitted to violate the contract plaintiff would be injured in the sum of $900. The prayer is for specific performance of the contract, for an injunction restraining defendant from ginning the cotton at any gin other than that selected by the parties, and restraining the defendant from disposing of, injuring, or destroying said seed. The defendant answered by general demurrer, several special exceptions, general denial, and alleged that said contract was void because enough seed were not contracted to plant 5,000 acres, and that 5,000 acres were not planted, and that by reason of such stipulation on the back of the contract it became void, since the designated acreage was not secured; that said contract was void for the lack of mutuality; that plaintiff represented to defendant that the latter's cotton would be ginned in the daytime and not at night, and that in violation of said agreement said cotton had been ginned at night, to the damage of the defendant, and that if defendant is forced and compelled to gin his cotton at the Farmers' Gin he will be greatly damaged in the sum of $700 actual and $200 exemplary damages. The plaintiff filed a supplemental petition, waiving its right to insist upon the invalidity of the contract on account of the 5,000-acre clause, further alleging that the Farmers' Gin is a solvent concern and ready and able to pay defendant any damages done him. By a trial amendment plaintiff further alleged that after defendant had taken the two bales of cotton to the Farmers' Gin and learned of the alleged injury, and of the fact that his cotton was ginned at night, that with such knowledge he took another bale of cotton there and had it ginned, and afterwards still another bale, and thereby waived his right to the things alleged in his petition. There was a judgment for the defendant, and the injunction was dissolved.

The only contention necessary to be considered is that the county court did not have jurisdiction of the plaintiff's cause of action, and therefore this court has none. This question has been heretofore considered upon a motion against the appellee for violating the injunction. In consideration of that motion we held that the county court did

not have jurisdiction of the plaintiff's cause of action, and no reason appears why we should reverse that ruling.

The opinion rendered upon the motion is adopted and made the opinion of the court in disposing of the appeal.

The judgment is reversed and remanded, with instructions to the trial court to sustain the plea to the jurisdiction and dismiss the case unless by an amendment the plaintiff will bring the cause of action within the court's jurisdiction.